**RCO Legal, P.S.**
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax: 425.458.2131
www.rcolegal.com

Honorable Judge Marc Barreca
Chapter 7
Hearing Location: Seattle
Hearing Date: January 16, 2015
Hearing Time: 9:30 a.m.
Response Date: January 9, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>TERRENCE W BARR<br><br>Debtor. | **CHAPTER 7 BANKRUPTCY**<br><br>**NO.: 14-17983-MLB**<br><br>**RESPONSE TO TRUSTEE'S MOTION FOR SALE OF REAL PROPERTY BY BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2006-OC10, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-OC10 THROUGH ITS SERVICER SELECT PORTFOLIO SERVICING, INC.** |

COMES NOW, Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the Alternative Loan Trust 2006-OC10, Mortgage Pass Through Certificates Series 2006-OC10 through its servicer Select Portfolio Servicing, Inc., its successors in interest and assigns ("Creditor"), and responds as follows to the Trustee's motion for sale of property, as applicable to the property located at 6710 Flora Avenue S, Seattle, Washington ("Property").

Creditor docs not object to the sale *per se,* but objects to the entry of any order that would purport to require Creditor to accept any amount less than the full amount due and owing on its secured claim without Creditor's consent. Specifically, Creditor does not consent at this time to accept $225,000.00 as full satisfaction of its lien against the Property.

Objection to Motion to Approve Sale
Page - 1

Under 11 U.S.C. § 363(f), the trustee may sell property free and clear of any interest in such property of an entity other than the estate, only if –
 (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
 (2) such entity consents;
 (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
 (4) such interest is in bona fide dispute; or
 (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Here, any order that requires Creditor to accept less than the full amount due on the debt secured by the lien on the property the trustee proposes to sell would violate § 363(f)(2).

Therefore, Creditor requests that the Court deny the Motion of the Trustee outright, or, in the alternative, require that any order authorizing of the sale condition closing on the specific written consent of Creditor to any sale providing for less than full payment on its secured lien.

DATED: December 29, 2014.

**RCO LEGAL, P.S.**
Attorneys for Creditor

/s/ Lance Olsen WSBA# 25130 for
By: Jennifer L. Aspaas, WSBA# 26303

Objection to Motion to Approve Sale
Page - 2

**RCO LEGAL, P.S.**
13555 SE 36TH ST., SUITE 300
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 14-17983-MLB    Doc 27    Filed 12/29/14    Ent. 12/29/14 17:28:02    Pg. 2 of 2